UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY JOHN SMITH,

        Petitioner,

                                                          Case No.: 16-cv-13829

v.                                             Honorable Gershwin A. Drain

JOSEPH BARRETT,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

      Jefffrey John Smith, ("Petitioner"), presently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges the Michigan Parole Board's decision to deny him release on parole for his conviction for Operating Under the Influence of Liquor (OUIL), Third Offense, MICH. COMP. LAWS, § 257.625. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

## I. Background

Petitioner was convicted in the Barry County Circuit Court of OUIL, Third Offense and was sentenced to seventeen months to five years in prison.

Petitioner was initially denied parole and given a twelve month continuance so that he could participate in a domestic violence class. The Michigan Department of Corrections prepared a parole guidelines worksheet, assessing petitioner with having a "high probability of parole." Petitioner claims that he was interviewed by Ms. Abigail A. Callejas of the Michigan Parole Board on February 22, 2016. Petitioner asserts that on March 11, 2016, Ms. Callejas ordered an eighteen month continuance reasoning that petitioner lacked insight and minimized his domestic violence behavior.

Petitioner has now filed a petition for writ of habeas corpus on the following ground: Petitioner was denied a fair hearing and equal protection when the Parole Board Member's decision was arbitrary and capricious.

## II. Discussion

The petition for writ of habeas corpus must be dismissed because petitioner fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also

authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.; see also Mahaday v. Cason,* 222 F. Supp. 2d 918, 919 (E.D. Mich. 2002)("Under the federal statutes governing habeas corpus proceedings, an answer to a petition for habeas corpus is not required unless the court orders one.").

After undertaking the review required by Rule 4, this Court concludes that petitioner's parole denial claim does not entitle him to habeas relief and the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498,

3

499 (E.D. Mich. 2004).

As an initial matter, petitioner acknowledges that he has yet to present his claim to the Michigan courts. However, in light of the fact that Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, petitioner's failure to exhaust his parole denial claim with the state courts is excusable. *See Jackson v. Jamrog,* 411 F. 3d 615, 618 (6th Cir. 2005).

Petitioner's primary claim is that he has wrongfully been denied release on parole. There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Board of Pardons v. Allen*, 482 U.S. 369, 377 n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). The Sixth Circuit has repeatedly held that Michigan's parole statute does not create a liberty interest for a prisoner to be paroled prior to the expiration of his or her sentence. *See Crump v. Lafler*, 657 F. 3d 393, 404-05 (6th Cir. 2011); *Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Caldwell v. McNutt*, 158 F.App'x. 739, 740-41 (6th Cir. 2006), *Ward v. Stegall,* 93 F. App'x. 805, 806-07 (6th Cir. 2004)*; Carnes v. Engler,* 76 F.App'x. 79, 80 (6th Cir. 2003); *Sweeton v. Brown*, 27 F.3d 1162, 1164–165 (6th Cir.1994)(en banc).

Petitioner further contends that the Michigan Parole Board violated his rights by ignoring the Michigan Parole Guidelines, which gave petitioner a high probability score for being paroled.

The fact that petitioner received a high probability score for being paroled did not give rise to a protected liberty interest in petitioner being paroled. *See Crump,* 657 F. 3d at 403-04. The Sixth Circuit in *Crump* noted:

> While Petitioner may have been classified as a "high probability of parole," a *probability* does not equal a presumption. As defined by the *Oxford English Dictionary*, probability means "[t]he property or fact of being probable, esp. of being uncertain but more likely than not." Oxford English Dictionary (3d ed. 2007). Everyday parlance is quite consistent with this definition: "probability" lies at some distance from certainty. Neither can a probability, incorporating as it does that degree of uncertainty, rise to the significance of a mandated result, or a presumption. Even if a grant of parole were viewed as "more likely than not" to occur, the outcome nonetheless remains "uncertain," and therefore "more likely than not" cannot create a presumption's "entitlement" to that result; there can be no legitimate expectation or entitlement properly founded on the basis of an event the occurrence of which is merely "likely."

*Crump,* 657 F. 3d at 404 (emphasis original).

In addition, the fact that Michigan's parole scheme requires the Michigan Parole Board to provide substantial and compelling reasons to depart above the parole guidelines range, as required by MICH. COMP. LAWS, § 791.233e, does not create a protected liberty interest in petitioner being released on parole. *See Carnes v. Engler,* 76 F. App'x. at 80.

Where an inmate has no legitimate expectation of, and thus no liberty interest in, receiving parole, as is the case here, a parole board's failure to set an inmate's release date in accordance with parole guidelines does not give rise to a due process claim. *Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004); *see also Coleman v. Martin,* 63 F. App'x. 791, 792-93 (6th Cir. 2003)(prisoner could not maintain § 1983 action based upon the erroneous scoring of his parole guidelines). Moreover, even if the Parole Board relied on inaccurate information to deny petitioner parole, it would not violate any liberty interest protected by the federal constitution. *Caldwell,* 158 F. App'x. at 741.

Petitioner further alleges that he has been denied parole in violation of his right to equal protection. In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment, a claimant must allege that a state actor intentionally discriminated against him or her because of membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F. 2d 332, 341 (6th Cir. 1990). Prisoners are not a suspect class for purposes of equal protection litigation. *See Jackson,* 411 F. 3d at 619; *Perez,* 157 F. Supp. 2d at 795.

Petitioner's equal protection claim fails because he failed to allege any facts which show that the Michigan Parole Board denied him parole on the basis of his membership in a protected class, such as race, religion, or nationality. *See Carnes v. Engler,* 76 F. App'x. at 81.

6

This Court is aware that a claimant can also assert an equal protection claim brought under a theory that she is a "class of one", where that person alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Conclusory allegations that a petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief. *Perez,* 157 F. Supp. 2d at 795. Petitioner has failed to allege any facts which show that he received disparate treatment at the hands of the parole board as compared with a similarly situated prisoner. *See Reffitt v. Nixon,* 917 F. Supp. 409, 414 (E.D. Va. 1996). Petitioner's equal protection claim fails because he has offered no proof that any inmates who had been granted parole were similarly situated to him in all respects that are material to the parole assessment. *See Linger v. Akram,* 23 F. App'x. 248, 252, n. 5 (6th Cir. 2001). In light of the number of factors that a parole board must consider in determining whether to grant a prisoner parole release, a habeas petitioner's bare assertion that his parole application was rejected while similarly situated prisoners were granted parole is insufficient to state a viable habeas claim based upon a "class of one" theory. *See Davis v. Thomas,* 269 F. Supp. 2d 335, 337 (S.D.N.Y. 2003); *Manley v. Thomas,* 265 F. Supp. 2d 363, 366 (S.D.N.Y. 2003).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). Because petitioner does not have a protected liberty interest in being granted parole, he has failed to make a

substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on his claims. *See Heidelberg v. Illinois Prisoner Review Bd.,* 163 F. 3d 1025, 1025-1027 (7th Cir. 1998). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  November 4, 2016                                  /s/Gershwin A. Drain
                                                          GERSHWIN A. DRAIN
                                                          United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and upon Jeffrey J. Smith, #666452, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201 on November 4, 2016, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk